B201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201A (Form 201A) (12/09)                                                                                    Page 2

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201B (Form 201B) (12/09)

**United States Bankruptcy Court**

**Northern District of Illinois**

IN RE:                                                                                        Case No. _____

**Eckel, Carl T. & Eckel, Jennifer R.** _____       Chapter **7** _____
                              Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____       Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer       petition preparer is not an individual, state
Address:                                                                         the Social Security number of the officer,
                                                                              principal, responsible person, or partner of
_____       the bankruptcy petition preparer.)
                                                                              (Required by 11 U.S.C. § 110.)
_____

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Eckel, Carl T. & Eckel, Jennifer R.** _____       **X** **/s/ Carl T. Eckel** _____   **4/21/2011**
Printed Name(s) of Debtor(s)                                          Signature of Debtor                                  Date

Case No. (if known) _____       **X** **/s/ Jennifer R. Eckel** _____   **4/21/2011**
                                                                              Signature of Joint Debtor (if any)              Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Eckel, Carl T.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Eckel, Jennifer R.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Jennifer R. Englert** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **5530** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **3708** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**306 N. Cresthill Ave.**<br>**McHenry, IL**<br>ZIPCODE **60051** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**306 N. Cresthill Ave.**<br>**McHenry, IL**<br>ZIPCODE **60051** |
| County of Residence or of the Principal Place of Business:<br>**MCHENRY** | County of Residence or of the Principal Place of Business:<br>**MCHENRY** |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                    Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."     ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)                                                                                                   Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Eckel, Carl T. & Eckel, Jennifer R.** |
|---|---|

<table>
<tr><td colspan="3" align="center"><strong>Prior Bankruptcy Case Filed Within Last 8 Years</strong> (If more than two, attach additional sheet)</td></tr>
<tr><td>Location<br>Where Filed: <strong>None</strong></td><td>Case Number:</td><td>Date Filed:</td></tr>
<tr><td>Location<br>Where Filed:</td><td>Case Number:</td><td>Date Filed:</td></tr>
</table>

<table>
<tr><td colspan="3" align="center"><strong>Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor</strong> (If more than one, attach additional sheet)</td></tr>
<tr><td>Name of Debtor:<br><strong>None</strong></td><td>Case Number:</td><td>Date Filed:</td></tr>
<tr><td>District:</td><td>Relationship:</td><td>Judge:</td></tr>
</table>

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X  */s/ Charles T Reilly*                    **4/21/11**<br>_____<br>Signature of Attorney for Debtor(s)                    Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)                                                                                                      Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Eckel, Carl T. & Eckel, Jennifer R.** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Carl T. Eckel*
_____
Signature of Debtor                                **Carl T. Eckel**

X */s/ Jennifer R. Eckel*
_____
Signature of Joint Debtor                          **Jennifer R. Eckel**

_____
Telephone Number (If not represented by attorney)

**April 21, 2011**
_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|

X */s/ Charles T Reilly*
_____
Signature of Attorney for Debtor(s)

**Charles T Reilly 3123580**
**Charles T. Reilly**
**1303 N. Richmond Road**
**McHenry, IL  60050**

**Chuck8830@comcast.net**

**April 21, 2011**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                                          Case No. _____

**Eckel, Carl T.**                                                                              Chapter **7** _____
_____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Carl T. Eckel** _____

Date: **April 21, 2011** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                  Case No. _____

**Eckel, Jennifer R.** _____    Chapter **7** _____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Jennifer R. Eckel** _____

Date: **April 21, 2011** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Summary (Form 6 - Summary) (12/07)

### United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                    Case No. _____

**Eckel, Carl T. & Eckel, Jennifer R.** _____     Chapter **7** _____
                          Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 90,000.00 | | |
| B - Personal Property | Yes | 3 | $ 56,180.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 123,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 30,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 61,394.91 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,377.55 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 3,291.35 |
| TOTAL | | 17 | $ 146,180.00 | $ 214,394.91 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**

**Northern District of Illinois**

IN RE:                                                                 Case No. _____

Eckel, Carl T. & Eckel, Jennifer R.                                   Chapter **7** _____
                                   Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **30,000.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **30,000.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | **2,377.55** |
| Average Expenses (from Schedule J, Line 18) | $ | **3,291.35** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **4,307.15** |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | **24,000.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $    **30,000.00** | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | **0.00** |
| 4. Total from Schedule F | | $ | **61,394.91** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | **85,394.91** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**
_____    Case No. _____
Debtor(s)                                                                              (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence: 306 N. Cresthill Ave., McHenry, IL 60051** | | **H** | **90,000.00** | **112,000.00** |
| | | **TOTAL** | **90,000.00** | |

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE Eckel, Carl T. & Eckel, Jennifer R.
_____    Case No. _____
Debtor(s)                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | **Cash on hand** | J | 10.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account with TCF Bank of McHenry, IL** | J | 10.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Miscellaneous** | J | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Clothing** | J | 300.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401K** | H | 42,000.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) – Cont.

IN RE <u>Eckel, Carl T. & Eckel, Jennifer R.</u>                Case No. _____
                        Debtor(s)                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | 9/07 Work Comp. claim (foot). | H | unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1990 Blazer (with plow) | J | 1,500.00 |
| | | 1992 Saturn | J | 150.00 |
| | | 1993 Harley Davidson (in pieces) | J | 50.00 |
| | | 1997 Econoline Van | J | 1,000.00 |
| | | 1997 Tahoe (with plow-blown engine) | J | 100.00 |
| | | 2003 Avalanche | J | 9,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | PC (7 years old) | J | 50.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Tools of the trade | H | 1,000.00 |
| 30. Inventory. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**
_____
Debtor(s)

Case No. _____
(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  Animals. | | **3 mutts** | J | 10.00 |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **56,180.00** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

©1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**                                   Case No. _____
_____Debtor(s)_____                                                  (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on hand** | **735 ILCS 5 §12-1001(b)** | 10.00 | 10.00 |
| **Checking account with TCF Bank of McHenry, IL** | **735 ILCS 5 §12-1001(b)** | 10.00 | 10.00 |
| **Miscellaneous** | **735 ILCS 5 §12-1001(b)** | 1,000.00 | 1,000.00 |
| **Clothing** | **735 ILCS 5 §12-1001(a)** | 300.00 | 300.00 |
| **401K** | **735 ILCS 5 §12-1006(a)** | 42,000.00 | 42,000.00 |
| **1990 Blazer (with plow)** | **735 ILCS 5 §12-1001(c)** | 1,500.00 | 1,500.00 |
| **1992 Saturn** | **735 ILCS 5 §12-1001(b)** | 150.00 | 150.00 |
| **1993 Harley Davidson (in pieces)** | **735 ILCS 5 §12-1001(b)** | 50.00 | 50.00 |
| **1997 Econoline Van** | **735 ILCS 5 §12-1001(c)** | 1,000.00 | 1,000.00 |
| **1997 Tahoe (with plow-blown engine)** | **735 ILCS 5 §12-1001(b)** | 100.00 | 100.00 |
| **PC (7 years old)** | **735 ILCS 5 §12-1001(b)** | 50.00 | 50.00 |
| **Tools of the trade** | **735 ILCS 5 §12-1001(d)** | 1,000.00 | 1,000.00 |
| **3 mutts** | **735 ILCS 5 §12-1001(b)** | 10.00 | 10.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

IN RE    Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____
                        Debtor(s)                                                          (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **9000434413** <br><br> **Everhome Mortgage Company** <br> **P.O. Box 2167** <br> **Jacksonville, FL  32232** | | **J** | **2003-1st Mortgage on residence** <br><br><br> VALUE $ **90,000.00** | | | | **112,000.00** | **22,000.00** |
| ACCOUNT NO. **0866070816** <br><br> **Fifth Third Bank** <br> **Chicago** <br> **P.O. Box 630778** <br> **Cincinnati, OH  45263-0778** | | **J** | **2003 purchased 2003 Avalanche** <br><br><br> VALUE $ **9,000.00** | | | | **11,000.00** | **2,000.00** |
| ACCOUNT NO. <br><br><br> | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br> | | | <br><br><br> VALUE $ | | | | | |

_____ **0** continuation sheets attached

|  | Subtotal (Total of this page) | $ **123,000.00** | $ **24,000.00** |
|---|---|---|---|
|  | Total (Use only on last page) | $ **123,000.00** | $ **24,000.00** |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE Eckel, Carl T. & Eckel, Jennifer R.
_____
Debtor(s)

Case No. _____
(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

____**1** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**                                          Case No. _____
                                      Debtor(s)                                                                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Wisconsin Department of Revenue**<br>**P.O. Box 930389**<br>**Milwaukee, WI  53293-0389** | | W | 2004-2008 Gambling (includes $27,000.00 in penalties). | | | | $<br><br>**30,000.00** | $<br><br>**30,000.00** | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. __**1**__ of __**1**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Totals of this page)   $ **30,000.00**   $ **30,000.00**   $

Total
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)   $ **30,000.00**

Total
(Use only on last page of the completed Schedule E. If applicable,
report also on the Statistical Summary of Certain Liabilities and Related Data.)   $ **30,000.00**   $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**
               Debtor(s)                 Case No. _____
                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**7 Mile Fair<br>2720 W. 7 Mile Road<br>P.O. Box 7<br>Caledonia, WI 53108-0007** | | J | **2008 Lot rent for spot** | | | | **2,542.00** |
| ACCOUNT NO. **616433124**<br>**Advocate Good Shepherd Hospital<br>P.O. Box 4248<br>Carol Stream, IL 60197-4248** | | J | **Medical expenses** | | | | **178.79** |
| ACCOUNT NO. **2 0014 3016 4406**<br>**American Air Credit Plan<br>P.O. Box 689182<br>Des Moines, IA 50368-9182** | | J | **Miscellaneous** | | | | **663.04** |
| ACCOUNT NO. **YGC-29823247**<br>**Asset Acceptance LLC<br>C/O First National Collection Bureau, In<br>610 Waltham Way<br>Sparks, NV 89434** | | J | **Miscellaneous (original creditor Best Buy)** | | | | **1,774.79** |

_**3**_ continuation sheets attached

Subtotal (Total of this page) $ **5,158.62**

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE  Eckel, Carl T. & Eckel, Jennifer R.                              Case No. _____
                    Debtor(s)                                                           (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Bdj Carpentry** <br> **109 N. Hart St.** <br> **Harvard, IL  60033** | | J | **2003 Miscellaneous** | | | | **1,200.00** |
| ACCOUNT NO. **5178-0598-5200-6965** <br> **Capital One Bank USA, N.A.** <br> **Attn: Bankruptcy Department** <br> **P.O. Box 6492** <br> **Carol Stream, IL  60197-6492** | | J | **Miscellaneous** | | | | **516.55** |
| ACCOUNT NO. **5178-0583-7891-6137** <br> **Capital One Bank USA, N.A.** <br> **Attn: Bankruptcy Department** <br> **P.O. Box 6492** <br> **Carol Stream, IL  60197-6492** | | J | **Miscellaneous** | | | | **40.00** |
| ACCOUNT NO. **5291-0725-3972-6170** <br> **Capital One Bank USA, N.A.** <br> **Attn: Bankruptcy Department** <br> **P.O. Box 6492** <br> **Carol Stream, IL  60197-6492** | | J | **Miscellaneous** | | | | **2,032.64** |
| ACCOUNT NO. **4388-6420-6864-7711** <br> **Capital One Bank USA, N.A.** <br> **Attn: Bankruptcy Department** <br> **P.O. Box 6492** <br> **Carol Stream, IL  60197-6492** | | J | **Miscellaneous** | | | | **1,849.09** |
| ACCOUNT NO. **4227-6510-2051-2983** <br> **Card Member Services** <br> **P.O. Box 15153** <br> **Wilmington, DE  19886-5153** | | J | **Miscellaneous** | | | | **743.89** |
| ACCOUNT NO. **4185-8667-3712-9661** <br> **Card Member Services Chase** <br> **P.O. Box 15131** <br> **Wilmington, DE  19886-5153** | | J | **Miscellaneous** | | | | **3,788.48** |

Sheet no. _____**1**_____ of _____**3**_____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **10,170.65**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Eckel, Carl T. & Eckel, Jennifer R.      Case No. _____
_____
Debtor(s)                                  (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0915300059<br><br>**Centegra Health System**<br>**C/O Harris & Harris, LTD.**<br>**222 Merchandise Mart Plaza, Ste. 1900**<br>**Chicago, IL 60654** | | J | **Medical expenses** | | | | 731.49 |
| ACCOUNT NO. B1102900099<br><br>**Centegra Health System-NIMC**<br>**P.O. Box 1447**<br>**Woodstock, IL 60098** | | J | **Medical expenses** | | | | 150.00 |
| ACCOUNT NO. 844926<br><br>**Centegra Hospital**<br>**C/O Automated Accounts Management Servic**<br>**P.O. Box 65576**<br>**West Des Moines, IA 50265-0576** | | J | **Medical expenses** | | | | 75.00 |
| ACCOUNT NO.<br><br>**Centegra Primary Care LLC**<br>**C/O Harris & Harris, Ltd.**<br>**222 Merchandise Mart Plaza, Ste. 1900**<br>**Chicago, IL 60654** | | J | **Medical expenses-Patient Accounts:**<br>**#82863-1135630-$34.80**<br>**#82863-1138126-$34.80.** | | | | 69.60 |
| ACCOUNT NO. 82863<br><br>**Centegra Primary Care LLC**<br>**13707 W. Jackson St.**<br>**Woodstock, IL 60098** | | J | **Medical expenses** | | | | 145.00 |
| ACCOUNT NO. 6034620809027180<br><br>**Equable Ascent Financial**<br>**C/O Weltman, Weinberg & Reis Co., L.P.A.**<br>**180 N. LaSalle St., Ste. 2400**<br>**Chicago, IL 60601** | | J | **Miscellaneous-McHenry County Case #11SC89** | | | | 4,533.90 |
| ACCOUNT NO. 005287452<br><br>**Equable Ascent Financial**<br>**C/O NES Of Ohio**<br>**29125 Solon Rd.**<br>**Solon, OH 44139-3442** | | J | **Miscellaneous (original creditor Chase Bank USA N.A.-WAMU)** | | | | 12,099.03 |

Sheet no. ____2____ of ____3____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 17,804.02

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE  Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____
_____                                              (If known)
            Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6034620809027180**<br><br>**Equable Ascent Financial**<br>**C/O Weltman, Weinberg & Reis Co., L.P.A.**<br>**323 W. Lakeside Ave., Ste. 200**<br>**Cleveland, OH  44113-1009** | | J | **Miscellaneous (original creditor GE Capital Corp.).** | | | | 4,729.90 |
| ACCOUNT NO. **8002948982**<br><br>**GMAC Mortgage**<br>**P.O. Box 4622**<br>**Waterloo, IA  50704-4622** | | J | **Miscellaneous** | | | | 13,163.27 |
| ACCOUNT NO. **5458-0015-5376-8668**<br><br>**HSBC Card Services**<br>**Cardmember Services**<br>**P.O. Box 81622**<br>**Salinas, CA  93912-1622** | | J | **Miscellaneous** | | | | 4,405.58 |
| ACCOUNT NO. **5176-6900-1932-5641**<br><br>**HSBC Card Services**<br>**P.O. Box 81622**<br>**Salinas, CA  93912-1622** | | J | **Miscellaneous** | | | | 3,287.85 |
| ACCOUNT NO. **FBF172**<br><br>**Pendrick Capital Partners**<br>**C/O NCO Financial Systems, Inc.**<br>**507 Prudential Road**<br>**Horsham, PA  19044** | | J | **Medical expenses (original creditor Moraine Emergency Physicians).** | | | | 83.00 |
| ACCOUNT NO. **90749823**<br><br>**Sherman Hospital**<br>**934 Center St.**<br>**Elgin, IL  60120** | | J | **Medical expenses** | | | | 537.20 |
| ACCOUNT NO. **5240-4960-0021-5383**<br><br>**Spirit Airlines**<br>**Card Services**<br>**P.O. Box 13337**<br>**Philadelphia, PA  19101-3337** | | J | **Miscellaneous** | | | | 2,054.82 |

Sheet no. _____**3**___ of ___**3**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $   **28,261.62**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $   **61,394.91**

B6G (Official Form 6G) (12/07)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**
_____      Case No. _____
                    Debtor(s)                                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**
_____
Debtor(s)

Case No. _____
(If known)

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE  Eckel, Carl T. & Eckel, Jennifer R. _____    Case No. _____
                    Debtor(s)                                                                    (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Mechanic** | **Housewife** |
| Name of Employer | **Burris Equipment** | **N/A** |
| How long employed | **10 years** | |
| Address of Employer | **Lakemoor, IL** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | **3,624.07** | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | **3,624.07** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | **786.83** | $ |
| b. Insurance | $ | **259.98** | $ |
| c. Union dues | $ | **72.00** | $ |
| d. Other (specify)  **401K** | $ | **217.45** | $ |
| **Loan Payback** | $ | **22.26** | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **1,358.52** | $ **0.00** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **2,265.55** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| 11. Social Security or other government assistance | | | |
| (Specify) _____ | $ | | $ |
| _____ | $ | | $ |
| 12. Pension or retirement income | $ | | $ **112.00** |
| 13. Other monthly income | | | |
| (Specify) _____ | $ | | $ |
| _____ | $ | | $ |
| _____ | $ | | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | | $ **112.00** |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | **2,265.55** | $ **112.00** |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

$ **2,377.55**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Eckel, Carl T. & Eckel, Jennifer R.**                        Case No. _____
_____                                    (If known)
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,018.65 |
|    a. Are real estate taxes included?    Yes ✓ No ____ | |
|    b. Is property insurance included?   Yes ✓ No ____ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 130.00 |
|    b. Water and sewer | $ 36.00 |
|    c. Telephone | $ 120.00 |
|    d. Other  **See Schedule Attached** | $ 101.17 |
| | $ _____ |
| 3. Home maintenance (repairs and upkeep) | $ _____ |
| 4. Food | $ 400.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 200.00 |
| 8. Transportation (not including car payments) | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ _____ |
| 10. Charitable contributions | $ _____ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ _____ |
|    b. Life | $ _____ |
|    c. Health | $ _____ |
|    d. Auto | $ 195.00 |
|    e. Other | $ _____ |
| | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) _____ | $ _____ |
| | $ _____ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 490.53 |
|    b. Other | $ _____ |
| | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ _____ |
| 15. Payments for support of additional dependents not living at your home | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| 17. Other | $ _____ |
| | $ _____ |
| | $ _____ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    $ **3,291.35**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

## 20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 2,377.55 |
|    b. Average monthly expenses from Line 18 above | $ 3,291.35 |
|    c. Monthly net income (a. minus b.) | $ -913.80 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE  Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____
                        Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Utilities (DEBTOR)

| | |
|---|---:|
| **Internet** | **75.00** |
| **Garbage Pick Up** | **22.00** |
| **Association Dues** | **4.17** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE  Eckel, Carl T. & Eckel, Jennifer R.                                                Case No. _____
                                        Debtor(s)                                                          (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **19** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **April 21, 2011** _____        Signature: */s/ Carl T. Eckel* _____
                                                         **Carl T. Eckel**                                              Debtor

Date: **April 21, 2011** _____        Signature: */s/ Jennifer R. Eckel* _____
                                                         **Jennifer R. Eckel**                                   (Joint Debtor, if any)
                                                                              [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer                                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____        Signature: _____

                                                   _____
                                                   (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/10)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                          Case No. _____

Eckel, Carl T. & Eckel, Jennifer R. _____          Chapter **7** _____
                                    Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 14,496.00 | 1/1/11-04/15/11 Husband's wages |
| 45,279.00 | 2010 Husband's wages |
| 48,758.00 | 2009 Husband's wages |

---

**2. Income other than from employment or operation of business**

None
☐
State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 6,853.00 | February 2011 Tax refunds for 2010 received Federal-$6,363.00; State-$490.00. |
| 5,172.00 | 2010 Federal Tax refund for 2009 received |
| 1,348.00 | 2010 Wife's 1st husband's (deceased) pension |
| 8,890.00 | 2010 Wife's gambling winnings (offset by losses of $8,890.00) |
| 810.00 | 2009 Tax refund for 2008 received |
| 1,348.00 | 2009 Wife's 1st husband's (deceased) pension |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

35,012.00  2009 Wife's gambling winnings (offset by losses of $35,012.00)

---

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Equable Ascent Financial, LLC vs. Carl Eckel-Case #11SC89** | **Collection** | **Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois** | **Trial set for 6/13/11 for $4,533.90** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**8. Losses**

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **$8,910.00-$15,000.00** | **Cash lost gambling** | **2010-2011** |

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Charles T. Reilly**<br>**1303 North Richmond Road**<br>**McHenry, IL  60050** | **02/07/2011** | **1,800.00** |
| **Attorney fees for preparation of this Chapter 7 petition** | | |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Marilyn Eckel**<br>**2403 Country Lane**<br>**McHenry, IL  60050**<br>**Debtor's Mother** | **04/8/11** | **2403 Country Lane, McHenry, IL**<br>**60050-no money received** |
| **See Attachment** | | |

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**15. Prior address of debtor**

None ☐   If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **306 N. Cresthill Ave., McHenry, IL 60051** | **Carl T. & Jennifer R. Eckel** | **Present-9/2003** |

**16. Spouses and Former Spouses**

None ☑   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Carl T. Eckel** | **5530** | **D/B/A TSC Trucking 306 Cresthill Ave. McHenry, IL  60051** | **Snow plowing** | **Present-2002** |

**Sole proprietor**

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date: **April 21, 2011**              Signature  */s/ Carl T. Eckel*

                                      of Debtor                                                      **Carl T. Eckel**


Date: **April 21, 2011**              Signature  */s/ Jennifer R. Eckel*

                                      of Joint Debtor                                                **Jennifer R. Eckel**
                                      (if any)

                                      _____**11** continuation pages attached


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Eckel, Carl T. & Eckel, Jennifer R.</u>                                   Case No. _____
Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 1 of 11

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Re:      Residential property at: 2403 Country Ln., McHenry, IL 60050

Debtor, Carl T. Eckel, bought the house in 2001; married Jennifer in 2003; they were living there as husband and wife.

Carl and Jennifer sold the house to Carl's Mother, Marilyn Eckel, on September 10, 2003 (Marilyn had just sold her house in Palatine, IL and wanted to live closer to her son, Carl).

No realtor was used. The Comps. in the area was the basis used for the sales price. No contract was signed. The property was sold for $129,500.00-full price, no discount. Cash deal.

Debtors thought they conveyed 100% outright (see Deed).

Marilyn (Mother) had the Deed changed without knowledge of Debtors. 1 month later, October 14, 2003, Marilyn signed the Deed in Trust conveying the property to herself as Trustee, with herself as 100% beneficiary, and Carl as contingent beneficiary upon her death, per stirpes (see Trust Agreement and Deed In Trust).

Also, as part of Marilyn's estate plan she executed a Last Will and Testament on October 9, 2003.

The inked in conveyance back to Carl Eckel on original Deed was an attempt to make sure Carl was provided for pending Marilyn's estate plan and those documents 1 month later. Carl had no knowledge of this until March, 2011.

Marilyn forgot to have Carl sign the Deed In Trust 1 month later. This appears to have given rise to a Resulting Trust. On April 8, 2011, Carl executed his Deed In Trust conveying his interest that he still had into the Marilyn Eckel Trust. Marilyn is 100% beneficiary, Carl takes on her death.

Carl and Jennifer thought they conveyed 100% fee simple at full price to Marilyn back on September 10, 2003. Carl's conveyance on April 8, 2011, was to correct the omission of his not signing the Deed In Trust on October 14, 2003, and to fulfill the parties' intentions as they were in 2003.

Query, the above notwithstanding, was the transfer back to Carl on September 10, 2003 valid?

IN RE <u>Eckel, Carl T. & Eckel, Jennifer R.</u>                                    Case No. _____

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 2 of 11



**WARRANTY DEED**

**ILLINOIS**

**STATUTORY**

MCHENRY COUNTY RECORDER
PHYLLIS K. WALTERS
**2003R0125599**
09/10/2003    04:30PM
PAGES        2
RECORDING FEE      18.00
COUNTY STAMP FEE   64.75
STATE STAMP FEE    129.50

STATE OF ILLINOIS
SEP. 10.03
MC HENRY COUNTY

REAL ESTATE
TRANSFER TAX
0019425
FP351022

*TICOR 674199*

**THE** <u>GRANTORS, Carl Eckel and Jennifer Eckel, Husband and Wife, of the City of</u>
<u>McHenry, County of McHenry, State of Illinois</u> for and in consideration of ___TEN and 00/100ths ($10.00)___
DOLLARS and other good and valuable considerations in hand paid.

**CONVEY AND WARRANT TO** Marilyn H. Eckel, *and Carl Eckel, not as tenants-in-common,* of the <u>City</u> of <u>McHenry</u> County of <u>McHenry</u> *but as joint tenants*
State of <u>Illinois</u>  all interest in the following described Real Estate situated in the County of McHenry, State of Illinois, to wit:
**LOT 38 IN BLOCK 7 IN EASTWOOD MANOR UNIT 2, BEING A SUBDIVISION OF PART OF
THE SOUTHEAST QUARTER OF SECTION 25 AND PART OF THE NORTHEAST QUARTER
OF SECTION 36, ALL IN TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL
MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 17, 1956 AS
DOCUMENT NUMBER 311472, IN BOOK 12 OF PLATS, PAGE 82, IN MCHENRY COUNTY,
ILLINOIS.**

SUBJECT TO:
   a)  General real estate taxes not due and payable at the time of closing.
   b)  Covenants, conditions and restrictions of record, building lines and easements, if any, so long as they do not interfere
       with the current use and enjoyment of the property.

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Number(s) 09-25-479-007.

Address(es) of real estate: 2403 Country Lane, McHenry, Illinois 60050.

DATED this 12th day of August,  2003.

_____ (SEAL)
Carl    Eckel

_____ (SEAL)
Jennifer Eckel

*TICOR*

**03-084-5622**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Eckel, Carl T. & Eckel, Jennifer R.

Debtor(s)

Case No. _____

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 3 of 11

STATE OF ILLINOIS )
 ) ss
County of McHenry )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Carl Eckel and Jennifer Eckel, personally known to me to be the same persons whose names they subscribed to the foregoing instrument appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instruments as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal, this 12th day of August, 2003.

_____
 Notary Public

(SEAL)

**OFFICIAL SEAL**
**JEROME C MAJEWSKI**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/18/03      (Seal)

| This instrument was prepared by:<br>Jerome C. Majewski, 101 N. Virginia St., Suite 150, Crystal Lake, IL 60014 | |
|---|---|
| Mail To: | Grantees Address & Send Subsequent Tax Bills To: |
| Jerome C. Majewski<br>NAME | Marilyn H. Eckel<br>NAME |
| 101 N. VIRGINIA, STE. 150<br>ADDRESS | 2403 COUNTRY LANE<br>ADDRESS |
| CRYSTAL LAKE, IL 60014<br>CITY, STATE, ZIP | McHENRY, IL 60050<br>CITY, STATE, ZIP |

03-084-5623

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 4 of 11

---

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

MAR-01-2011   10:51     6104039299                                      P.02/05

**DEED
IN
TRUST**

(ILLINOIS)

Prepared by:
Jerome C Majewski
101 N. Virginia St.
Suite 150
Crystal Lake, Il
60014

MCHENRY COUNTY RECORDER
PHYLLIS K. WALTERS
**2003R0141772**

10/14/2003    09:00AM

PAGES        3

RECORDING FEE   18.00
COUNTY STAMP FEE  0.00
STATE STAMP FEE   0.00

THE GRANTOR, Marilyn H. Eckel and Carl Eckel, of the City of McHenry County of McHenry, State of Illinois for and in consideration of TEN and 00/100ths ($10.00) DOLLARS and other good and valuable considerations in hand paid.

CONVEYS AND QUIT CLAIMS TO Marilyn H. Eckel, as Trustees under the provisions of a trust agreement dated the 9th day of October, 2003, and known as Trust Number One (1), (hereinafter referred to as "said trustees," regardless of the number of trustees,) and unto all and every successor or successor in trust under said trustees agreement, the following described real estate in the County of McHenry and State of Illinois, to wit:

**LOT 38 IN BLOCK 7 IN EASTWOOD MANOR UNIT 2, BEING A SUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF SECTION 25 AND PART OF THE NORTHEAST QUARTER OF SECTION 36, ALL IN TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 17, 1956 AS DOCUMENT NUMBER 311472, IN BOOK 12 OF PLATS, PAGE 82, IN MCHENRY COUNTY, ILLINOIS.**

Permanent Real Estate Index Number(s): 09-25-479-007

Address(es) of real estate: 2403 Country Lane, McHenry, IL 60050.

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth. Full power and authority are hereby granted to said trustees to improve, manage, protect and subdivide said premises or any part thereof; to dedicate parks, streets, highways or alleys; to vacate any subdivision or part thereof, and to resubdivide said property as often as desired; to contract to sell; to grant options to purchase; to sell on any terms; to convey either with or without consideration; to convey said premises or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustees, to donate to dedicate to mortgage, pledge or otherwise encumber said property, or any part thereof; to lease said property, or any part thereof, from time to time, in possession or reversion, be leasees to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter; to contract to make leases and grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property, or any part

**03-094-5890**

IN RE <u>Eckel, Carl T. & Eckel, Jennifer R.</u>                              Case No. _____
                              Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 5 of 11

---

thereof, for other real or personal property; to grant easements or charges of any kind; to release, convey or assign any right, title or interest in or about easement appurtenant to said premises or any part thereof; and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter

IN NO CASE shall any party dealing with said trustees in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustees, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity of expediency of any act of said trustees, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustees in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this Indenture and by said trust agreement was in full force and effect; (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this Indenture and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder; (c) that said trustees was duly authorized and empowered to execute and deliver every such deed, trust deed, lease mortgage or other instrument; and (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been property appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

THE INTEREST OF each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid. If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed no to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust," or "upon condition," or "with limitations," or words of similar import, in accordance with the statute in such case made and provided.

AND THE SAID GRANTOR hereby expressly waive and release any and all right or benefit under and by virtue of any and all statutes of the State of Illinois, providing for the exemption of homesteads from sale on execution or otherwise.

IN WITNESS WHEREOF, the grantor aforesaid has hereunto set <u>her</u> hand and seal this 9th day of October, 2003.

                              _Marilyn H. Eckel_ (Seal)
                              Marilyn H. Eckel

                                                    (Seal)
                              Carl Eckel

STATE OF ILLINOIS        )
                         ) ss
County of McHenry        )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that <u>Marilyn H.</u> <u>Eckel</u>, personally known to me to be the same person whose name is  subscribed to the foregoing instrument appeared before me this day in person, and acknowledged that she signed, sealed and delivered the said instruments as her  free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal, this <u>9th</u> day of <u>October</u>, 2003.

My commission expires <u>10 · 13</u>, 200_3_.

_Jerome C. Majewski_
        Notary Public

OFFICIAL SEAL
JEROME C MAJEWSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/13/06

Exempt under provisions of Paragraph _e_
Section 31-45, Property Tax Code.
10-9-03  _Jerome C. Majewski_
   Date      Buyer, Seller or Representative

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

03-094-5891

IN RE Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 6 of 11

This instrument was prepared by:
Jerome C. Majewski, 101 N. Virginia St., Suite 150, Crystal Lake, IL
60014

Mail To:                                     Grantees Address & Send Subsequent Tax Bills To:
Jerome C. Majewski                           Marilyn H. Eckel
NAME                                         NAME
101 N. Virginia St., Suite 150               2403 Country Lane
ADDRESS                                      ADDRESS
Crystal Lake, IL 60014                       McHenry, IL 60050
CITY, STATE, ZIP                             CITY, STATE, ZIP

(See additional page)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

03-094-5892

IN RE Eckel, Carl T. & Eckel, Jennifer R.                    Case No. _____

Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 7 of 11

---

STATE OF ILLINOIS          )
                           ) ss
County of McHenry          )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Carl Eckel, personally known to me to be the same person whose name _is_ subscribed to the foregoing instrument appeared before me this day in person, and acknowledged that _he_ signed, sealed and delivered the said instruments as _his_ free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal, this _5th_ day of _March_, 2011.

My commission expires _February 21_, 20_12_

_____
Notary Public

(Seal)

```
OFFICIAL SEAL
SHANNON A REILLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/21/12
```

This Deed in Trust is being re-recorded to correct a scrivener's error. Carl Eckel was inadvertently omitted as a grantor in this Deed in Trust. Carl Eckel had been added as a grantee in the previous deed, document number 2003R0125599. for purposes of survivorship only. He and his wife Jennifer sold the property to his mother, Marilyn H. Eckel on August 12, 2003, for the sum of of $129,500.00. He was added as a grantee in the Warranty Deed conveying said property for purposes of survivorship until his mother, Marilyn H. Eckel, could do a private land trust. The instant Deed in Trust which intended to place the property into Marilyn H. Eckel's private land trust, of which she was the sole beneficiary and Carl Eckel was the sole remainder man.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Eckel, Carl T. & Eckel, Jennifer R.                                   Case No. _____
_____
Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 8 of 11

TRUST AGREEMENT-INDIVIDUAL
ILLINOIS

# TRUST AGREEMENT

THIS TRUST AGREEMENT, dated this <u>9th</u> day of <u>October</u>, 2003, and known as Trust Number <u>One</u>, is to certify that <u>Marilyn H. Eckel</u>, as Trustees hereunder, (herein sometimes referred to as the trustees, regardless of the number of trustees,) is about to take title to the following described real estate in <u>McHenry</u> County, Illinois, to-wit:

<u>(See attached legal description)</u> _____

and that when the trustees has taken the title thereto, or to any other real estate deeded to the trustees hereunder, the trustees will hold it for the uses and purposes and upon the trusts herein set forth. The following named persons shall be entitled to the earnings, avails and proceeds of said real estate according to the respective interests herein set forth, to-wit:
Marilyn H. Eckel, as to the entire 100% beneficial interest, and upon her death, to her son, Carl Eckel, per stirpes.

IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have, any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid. The death of any beneficiary hereunder shall not terminate the trust nor in any manner affect the powers of the trustees hereunder. No assignment of an interest hereunder shall be binding on the trustees until the original or a duplicate of the assignment is lodged with the trustees.

In case the trustees shall make any advances of money on account of this trust or shall be made a party to any litigation on account of holding title to said real estate or in connection with this trust, or in case the trustees shall be compelled to pay any sum of money on account of this trust, whether on account of breach of contract, injury to person or property, fines or penalties under any law or otherwise, the beneficiaries hereunder do hereby jointly and severally agree that they will on demand pay to the trustees, with interest thereon at the rate of seven per cent (7%) per annum, all such disbursements or advances or payments made by the trustees, together with expenses, including reasonable attorneys' fees of the trustees, and that the trustees shall not be called upon to convey or otherwise deal with said property at any time held hereunder until all of said disbursements, payments, advances and expenses made or incurred by the trustees shall have been fully paid, together with interest thereon as aforesaid. However, nothing herein contained shall be construed as requiring the trustees to advance or pay out any money on account of this trust, or to prosecute or defend any legal proceeding involving this trust or any property or interest thereunder, unless the trustees shall be furnished with funds sufficient therefor or be satisfactorily indemnified in respect thereto.

The beneficiaries shall furnish, pay for and keep in force in the name and for the benefit of the trustees such insurance, (including, without limitation, workmen's compensation, public liability and dram shop liability insurance,) as the trustees may at any time or times request, in such companies, in such amounts and against such risks and perils as may be specified by the trustees, but if the beneficiaries shall fail, neglect or refuse to comply with any such request the trustees may (but shall not be required to) obtain such insurance and the beneficiaries jointly and severally hereby agree to reimburse the trustees for the premiums for such insurance, together with interest thereon at the rate of seven per cent (7%) per annum.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 9 of 11

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

The beneficiaries, acting unanimously, may by written instrument delivered to the trustees amend or modify this trust agreement in any manner, but no amendment or modification affecting or changing any duty, liability or responsibility of the trustees shall be effective unless accepted in writing by the trustees.

It shall not be the duty of the purchaser of said premises or of any part thereof to see to the application of the purchase money paid therefor; nor shall any one who may deal with the trustees be required or privileged to inquire into the necessity or expediency of any act of the trustees, or of any of the provisions of this instrument.

This trust agreement shall not be placed on record in the Recorder's Office of the county in which the land is situated, or elsewhere, and the recording of the same shall not be considered as notice of the rights of any person hereunder, derogatory to the title or powers of said trustees.

Any trustees may at any time resign by sending by registered mail a notice of such trustees's intention so to do to each of the then beneficiaries hereunder at his or her address last known to such trustees. Such resignation shall become effective ten days after the mailing of such notices by the trustees. In the event of such resignation, or in the event of the death, dissolution, incapacity or inability to act of any trustees, a successor or successors may be appointed by the person or persons then entitled to direct the trustees in the disposition of the trust property, and the trust property shall thereupon pass to and vest in such successor or successors in trust. In the event that no successor in trust is named as above provided within ten days after the mailing of such notices by the trustees, then the trustees may convey the trust property to the beneficiaries in accordance with their respective interests hereunder, or the trustees may, at the trustees's option, file a bill for appropriate relief in any court of competent jurisdiction. The trustees, notwithstanding such resignation, shall continue to have a first lien on the trust property for the trustees's costs, expenses, and attorneys' fees and for the reasonable compensation of the trustees.

Every successor trustees or trustees appointed hereunder shall become fully vested with all the estate, properties, rights, powers, trusts, duties and obligations of its, his or their predecessor.

It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, that the trustees will deal with said real estate only when authorized to do so in writing and that that trustees will, (notwithstanding any change in the beneficiary or beneficiaries hereunder, unless otherwise directed in writing by the beneficiaries,) on the written direction of Marilyn H. Eckel, or on the written direction of such person or persons as may be beneficiary or beneficiaries at the time, make deeds for, or otherwise deal with the title to said real estate; provided, however, that the trustees shall not be required to enter into any personal obligation or liability in dealing with said land or to make the trustees liable for any damages, costs, expenses, fines or penalties, or to deal with the title so long as any money is due to the trustees hereunder. Otherwise, the trustees shall not be required to inquire into the propriety of any such direction.

The beneficiary or beneficiaries hereunder shall in his, her or their own right have the management of said property and control of the selling, renting and handling thereof, and any beneficiary or his or her agent shall handle the rents thereof and the proceeds of any sales of said property, and the trustees shall not be called upon to do anything in the management or control of said property or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided, and after the payment to the trustees of all money necessary to carry out said instructions. No beneficiary hereunder shall have any authority to contract for or in the name of the trustees or to bind the trustees personally. If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustees on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement.

IN RE <u>Eckel, Carl T. & Eckel, Jennifer R.</u>                          Case No. _____
Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 10 of 11

IN TESTIMONY WHEREOF, said Marilyn H. Eckel has hereunder affixed her signature and seal the day and date first above written.


_Marilyn H. Eckel_____ [SEAL]
Marilyn H. Eckel


And on said day the said beneficiaries have signed this Declaration of Trust and Trust Agreement in order to signify their assent to the terms hereof.

_Marilyn H. Eckel_ [SEAL]          Address <u>2403 Country Lane, McHenry, IL 60050</u>
Marilyn H. Eckel
_____ [SEAL]          Address _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Eckel, Carl T. & Eckel, Jennifer R. _____ Case No. _____
                    Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet - Page 11 of 11

LOT 38 IN BLOCK 7 IN EASTWOOD MANOR UNIT 2, BEING A
SUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF SECTION
25 AND PART OF THE NORTHEAST QUARTER OF SECTION 36, ALL
IN TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL
MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST
17, 1956 AS DOCUMENT NUMBER 311472, IN BOOK 12 OF PLATS, PAGE
82, IN MCHENRY COUNTY, ILLINOIS.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                    Case No. _____

**Eckel, Carl T. & Eckel, Jennifer R.**
_____        Chapter **7** _____
                    Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Everhome Mortgage Company** | **Describe Property Securing Debt:**<br>**Residence: 306 N. Cresthill Ave., McHenry, IL 60051** |

Property will be *(check one)*:
☐ Surrendered   ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☑ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:**<br>**Fifth Third Bank** | **Describe Property Securing Debt:**<br>**2003 Avalanche** |

Property will be *(check one)*:
☐ Surrendered   ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**April 21, 2011**_____        ***/s/ Carl T. Eckel***
                                                _____
                                                Signature of Debtor

                                                ***/s/ Jennifer R. Eckel***
                                                _____
                                                Signature of Joint Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                                   Case No. _____

**Eckel, Carl T. & Eckel, Jennifer R.** _____    Chapter **7** _____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................................................ $ _____**1,800.00**

    Prior to the filing of this statement I have received ........................................................ $ _____**1,800.00**

    Balance Due .......................................................................................................... $ _____**0.00**

2.  The source of the compensation paid to me was: ☑ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:    ☐ Debtor    ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____**April 21, 2011**_____          _/s/ Charles T Reilly_
Date                                  **Charles T Reilly 3123580**
                                              **Charles T. Reilly**
                                              **1303 N. Richmond Road**
                                              **McHenry, IL  60050**

                                              **Chuck8830@comcast.net**

IN RE Eckel, Carl T. & Eckel, Jennifer R.                                    Case No. _____
_____
Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
### Continuation Sheet - Page 1 of 1

BANKRUPTCY FEE AGREEMENT

WITNESSETH: CHARLES T. REILLY, hereinafter referred to as ATTORNEY, hereby agrees to represent *All & Jenn for Eckel*, hereinafter referred to as CLIENT, in a certain BANKRUPTCY matter.

CLIENT agrees to pay ATTORNEY a fee of $ *1800.⁰⁰* plus all initial Court Costs, estimated at $300.00, in the following manner:

Initial Retainer of $ *700.⁰⁰*

Second Installment of $ *1400.⁰⁰*, due prior to filing the petition,

~~Balance and Final Installment due prior to the First Meeting of Creditors (341 Meeting).~~

ATTORNEY may decline further representation and withdraw from the case if CLIENT fails to make the above payments.

It is expressly understood and agreed by CLIENT that if prior to filing the petition, the CLIENT decides that he/she does not wish to proceed in Bankruptcy, ATTORNEY shall be entitled to fees representing time and costs spent on the case. Such time shall be billed at a rate of $200.00 per hour. After applying the initial retainer to such fees and costs, CLIENT shall receive a refund for fees not earned, if any. The same shall apply if CLIENT fails to pass the Means Test, and the case is dismissed or converted to Chapter 13 as a result. In the event the case is converted to Chapter 13, CLIENT acknowledges that Charles T. Reilly does not handle Chapter 13 matters, and subject to CLIENT'S approval, he shall refer the matter to another attorney.

It is understood that the above fee does not include representation for any adversary proceeding, or objection to exemptions or discharge. Additional fees involving these matters will be billed separately following additional consultation between ATTORNEY and CLIENT. It is also expressly understood that ATTORNEY is representing CLIENT in a Bankruptcy proceeding only, and such representation does not include other ancillary proceedings, such as foreclosure, small claims, other State Court proceedings, or re-negotiating or modifying residential mortgages.

CLIENT shall be responsible for the payment of all expenses, including but not limited to filing fees, accounting fees, appraisal fees, court reporter fees, private investigator fees, issuance of subpoenas, and any and all other expenses necessary for ATTORNEY to properly process/defend CLIENT'S case. ATTORNEY agrees to review this matter of expenses with CLIENT before incurring any such expenses.

ATTORNEY shall exercise due diligence in preparing CLIENT'S case and in preparing the required schedules. ATTORNEY agrees to attend with CLIENT the 341 Meeting of Creditors and any continuation thereof. ATTORNEY further agrees to review any and all reaffirmation agreements with CLIENT and advise him/her accordingly. ATTORNEY further agrees when necessary to present any motions for lien avoidance, and enter the appropriate Orders.

CLIENT agrees to keep appointments with ATTORNEY, especially the 341 scheduled Meeting. Unless good cause is shown and CLIENT fails to appear at the 341 Meeting, ATTORNEY shall have the right to bill an additional $200.00 to attend a continued 341 Meeting.

CLIENT agrees to report to ATTORNEY truthfully and accurately and completely all information pertaining to his/her financial situation; to provide ATTORNEY with his/her list of creditors with accurate information pertaining to amounts owed and addresses and account numbers, and any other information required by ATTORNEY under the circumstances. It is acknowledged by CLIENT that ATTORNEY must rely on this information in preparing truthfully and accurately the appropriate schedules.

_____                    _____
ATTORNEY                                        CLIENT

                                                _____
                                                CLIENT

Dated this *21* day of *April*, *2011*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of Illinois**

**IN RE:**

Case No. _____

**Eckel, Carl T. & Eckel, Jennifer R.**

Chapter **7** _____

Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors _____ **25**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **April 21, 2011** _____       */s/ Carl T. Eckel* _____
                                                 Debtor

                                                 */s/ Jennifer R. Eckel* _____
                                                 Joint Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only